62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gloria CONCHA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2966.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided July 11, 1995.
 
 Before Cummings, Coffey and Rovner, Circuit Judges.
 
 ORDER
 
 1
 Gloria Concha, who was convicted of conspiring to possess and to distribute cocaine, distributing a kilogram of cocaine and using a telephone to commit drug offenses, appeals the district court's dismissal of her motion under 28 U.S.C. Sec. 2255 to challenge her conviction and sentence. On appeal, she raises one issue, which we have already rejected on direct appeal: she contends that her sentence was based on an improper amount of cocaine because it included amounts not foreseeable to her. Cf. United States v. Mojica, 984 F.2d 1426, 1442-43, 1448 (7th Cir.) (holding that district court properly accounted for foreseeability in determining Concha's relevant conduct as to quantity of drugs), cert. denied, 113 S. Ct. 2433 (1993). Although res judicata does not apply in Sec. 2255 proceedings, "in the absence of changed circumstances of fact or law, we will not reconsider an issue which was already decided on direct appeal." Olmstead v. United States, (7th Cir. May 24, 1995). In the district court, in her reply to the government's answer, Concha claimed for the first time that a 1992 amendment to Sec. 1B1.3 constitutes a change in the law concerning foreseeability and relevant conduct. U.S.S.G. App. C., Amend. 439 (clarifying amendment). Even assuming that Concha has not waived this point by not raising it until her reply, although "[s]ection 1B1.3 was amended as of November 1, 1992, [] the law is still the same." United States v. Banks, 987 F.2d 463, 468 n.6 (7th Cir. 1993). Moreover, the passage of the 1992 amendment does not constitute changed circumstances in the law between January 20, 1993, when we issued our decision in the direct appeal, and today.
 
 
 2
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record